UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| v. | : | |
| TOWN OF STONINGTON, ET AL | : | NOVEMBER 26, 2003 |

**MOTION FOR SUMMARY JUDGMENT**
**DIRECTED TO EDWARD BROWN**

Pursuant to Fed. R. Civ. P. 56(c), the defendants, Town of Stonington, David Erskine, Jerry Desmond, Raymond Curioso, John Carr and Michael Peckham, hereby move for summary judgment as to each and every allegation of Edward Brown's two count Amended Complaint dated October 29, 2002.

As is more particularly set forth in the attached supporting memorandum of law, the defendants provide as follows:

1. Brown's claims against Raymond Curioso fail as a matter of law as he was not present or involved in Brown's arrest;

2. Brown's claim of a violation of his First Amendment rights fails as a matter of law as he is unable to establish the violation of a clearly established right. In addition, this claim is barred by the doctrine of qualified immunity;

3. The defendants are protected from any claims for excessive force under the Fourth Amendment by the doctrine of qualified immunity;

4. Brown's claim under the Eighth Amendment fails as a matter of law as the undisputed facts show that the Eighth Amendment's guarantees are inapplicable under the circumstances in this case;

ORAL ARGUMENT IS REQUESTED

5. No evidence exists to support Brown's claim that the Town of Stonington failed to properly train and supervise its police officers, which rose to the level of deliberate indifference on the part of the Town;

6. Brown's state constitutional claims fail as a matter of law because Connecticut Courts do not recognize a cause of action for money damages under the state constitution except in very limited circumstances, which do not apply in this case;

7. Brown's claims for assault and battery fails since the amount of force used was both reasonable under the circumstances and authorized by state statute;

8. Brown's claims of false arrest and false imprisonment fail as a matter of law as he cannot prove the required elements of these claims. In addition, these claims are further barred by qualified immunity;

9. Any claim for indemnification pursuant to C.G.S. §7-465 fails as a matter of law as Brown has failed to properly plead such a cause of action, and the underlying negligence claims against the individual defendants are barred by qualified and governmental immunity;

10. Brown's claims of abuse of process and malicious prosecution fail as a matter of law as he is unable to satisfy the elements of such claims;

11. Brown's claim alleging intentional infliction of emotional distress in Count Two fails since he cannot prove that the defendants' actions under the circumstances of this case were extreme or outrageous, and he cannot prove the required intent element of this claim.

As required by D. Conn. L. Civ. R. 7 and 56(a), a Memorandum of Law, exhibits, and a Statement of Material Facts Not In Dispute has been simultaneously filed with this Motion.

2

WHEREFORE, the defendants respectfully request that this Court grant their Motion for Summary Judgment.

                DEFENDANTS,
                TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR AND MICHAEL PECKHAM


By /s/ Beatrice S. Jordan
      Beatrice S. Jordan
      ct22001
      Howd & Ludorf
      65 Wethersfield Avenue
      Hartford, CT  06114-1190
      (860) 249-1361
      (860) 249-7665 (Fax)
      bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 26th day of November, 2003.

R. Edward Phillips, Esquire
Law Office of Warren Miller
One Union Plaza, 2nd floor
P.O. Box 116
New London, CT 06320

_____
Beatrice S. Jordan