UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| v. | : | |
| TOWN OF STONINGTON, ET AL | : | NOVEMBER 26, 2003 |

### LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendants, Town of Stonington, David Erskine, Jerry Desmond, Raymond Curioso, John Carr and Michael Peckham, respectfully submit the following statement of undisputed material facts in support of its Motion for Summary Judgment:

1. The plaintiff, Edward Brown, is a citizen of the United States, residing in Ledyard, Connecticut. (Amended Complaint, Count One, ¶1).

2. The plaintiff, Jeffrey Menard, is a citizen of the United States, residing in Norwich, Connecticut. (Amended Complaint, Count One, ¶2).

3. The defendants, Raymond Curioso, John Car, and Michael Peckham, were duly appointed officers in the Stonington Police Department at the time of the incidents alleged in the amended complaint. (Amended Complaint, Count One, ¶3).

4. The defendant, David Erskine, is the Chief of Police of the Stonington Police Department. (Amended Complaint, Count One, ¶6).

5.     The defendant, Jerry Desmond, is the Police Captain of the Stonington Police Department. (Amended Complaint, Count One, ¶7).

6.     On June 29, 2001, Officers Michael Peckham and John Carr were conducting uniformed patrol in the Stonington section of Stonington, Connecticut. (Police Report to the Prosecutor re Edward Brown dated June 30, 2001, attached as **Exhibit A**) (Police Report to the Prosecutor re Jeffrey Menard dated June 30, 2001, attached as **Exhibit B**) (Affidavit of Michael Peckham, attached as **Exhibit C**).

7.     Officers Peckham and Carr were advised by Cheryl Henry that her husband, Phillip Henry, was located on the town dock and requested the police for a problem at the docks. (Police Report re Edward Brown, **Exhibit A**) (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**).

8.     Officers Peckham and Carr responded to the scene, and upon arrival, spoke with Phillip Henry and Cheryl Henry. (Police Report re Edward Brown, **Exhibit A**) (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**) (Affidavit of John Carr, attached as **Exhibit D**).

9.     Phillip Henry reported that he drove to the dock to check on his boat, and upon his arrival, he observed a man standing behind a dumpster near the water who ducked down when he saw Henry. (Police Report re Jeffrey Menard, **Exhibit B**) (Sworn Statement of Phillip A. Henry, dated June 29, 2001, attached as **Exhibit E**).

10. The man was later identified as Jeffrey Menard. (Police Report re Jeffrey Menard, **Exhibit B**).

11. Henry pretended not to notice Menard, retrieved a flashlight from his boat, and went back to the dumpster where he observed Menard standing next to a rack of small boats. (Police Report re Jeffrey Menard, **Exhibit B**) (Henry Statement, **Exhibit E**).

12. Henry shined the flashlight at Menard and inquired as to what was going on. Menard responded "Get the fucking light out of my eyes," which Henry refused to do. (Police Report re Jeffrey Menard, **Exhibit B**) (Henry Statement, **Exhibit E**).

13. Menard then proceeded to approach Henry. (Henry Statement, **Exhibit E**) (Deposition of Jeffrey Menard dated May 22, 2003, attached as **Exhibit F**, at pp.37-39).

14. Menard reported that his friend, Edward Brown, was doing a test dive. Henry inquired further, and in response, Menard stated that he did not really know what Brown was doing, at which point Henry told his wife to get the police. (Henry Statement, **Exhibit E**) (Menard Deposition, **Exhibit F**, at p.37).

15. Phillip and Cheryl Henry further advised the officers that many fishermen have pots in the water in the area of the docks, and that many of the fishermen, including Henry, have had lobsters stolen in the recent past. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

16. Officer Peckham, thereafter, approached Menard. Menard and his clothing were wet. Menard stated that he had been in the water. (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**) (Menard Deposition, **Exhibit F**, at p.32).

17. The subject dock had a clearly posted sign which read, "No Scuba Diving or Swimming at Town Dock." (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**).

18. Menard conceded that he had seen the sign which read no swimming or diving. (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**).

19. Menard was arrested and charged with Breach of Peace pursuant to Conn. Gen. Stat. §53a-181, and Criminal Trespass pursuant to Conn. Gen. Stat. §53a-109, and was released on a Promise to Appear. (Police Report re Jeffrey Menard, **Exhibit B**) (Peckham Affidavit, **Exhibit C**).

20. Officers Peckham and Carr observed the plaintiff, Edward Brown, in dive gear in the water. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

21. Brown was located near the retaining wall located adjacent to the dock. (Deposition of Edward Brown dated May 22, 2003, attached as **Exhibit G**, at p.36).

22. Officer Peckham walked over to the retaining wall portion of the dock and was about ten (10) feet away from Brown. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

23. Officer Carr walked over to the sandy launch area adjacent to the docks. (Carr Affidavit, **Exhibit D**).

24. Officers Peckham and Carr both instructed Brown to exit the water and bring with him the large bag he was carrying. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

25. Brown began to shout at Officers Peckham and Carr, stating, "Fuck you, you can't do shit to me." (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

26. Brown further stated, "Get the fucking light out of my eyes," in reference to a light shined on him. (Brown Deposition, **Exhibit G**, at p.35).

27. Brown was aware that he was conversing with a police officer at the time that he was instructed to get out of the water. (Brown Deposition, **Exhibit G**, at pp.36-37).

28. Brown proceeded to empty lobsters out of the bag he was carrying. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**) (Brown Deposition, **Exhibit G**, at p.38).

29. Officers Peckham and Carr instructed Brown to stop emptying the bag and exit the water numerous times. Brown responded, "Fuck you, I have done nothing wrong." (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

30. Officer Peckham informed Brown that he was going to be arrested, however, Brown continued to empty the bag and did not exit the water as instructed. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

31. Once Brown had completely emptied the bag of lobsters, he exited the water. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

32. Brown did not exit the water right away although he had been instructed to do so. (Brown Deposition, **Exhibit G**, at pp.36, 40).

33. As Brown exited the water, he was escorted off the sandy launch area of the dock by Officer Carr. (Carr Affidavit, **Exhibit D**).

34. Brown tripped and fell in the sandy launch area as he exited the water. (Peckham Affidavit, **Exhibit C**) (Carr Affidavit, **Exhibit D**).

35. Officer Carr removed a dive knife which was strapped to Brown's calf. (Carr Affidavit, **Exhibit D**).

36. Brown opened his truck and presented his lobster license. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**) (Brown Deposition, **Exhibit G**, at p.47).

37. Brown was placed under arrest and handcuffed. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

38. Brown's vehicle was searched upon incident to his arrest, at which time a metal smoking device with resin was located in the ashtray of the vehicle, along with a bag of greenish-brown plant-like material. A dive flag was also located in the front seat of the vehicle. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

39. Brown was transported to the police station, upon which he was booked and charged with Breach of Peace pursuant to Conn. Gen. Stat. §53a-181, Criminal Trespass pursuant to Conn. Gen. Stat. §53a-109, Interfering with an Officer pursuant to Conn. Gen. Stat. §53a-167(a), Possession of Marijuana pursuant to Conn. Gen. Stat. §21a-279(c), Possession of Drug Paraphernalia pursuant to Conn. Gen. Stat. §21a-267, and Scuba Diving Without Proper Flags pursuant to Conn. Gen. Stat. §15-135(a). (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

40. Brown was issued a Court date and released on a $1,000 non-surety bond. (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

41.     Officer Peckham subjected a small portion of the greenish-brown plant-like material from the bag to a Duquenois-Levine field test and observed a positive reaction indicative of the presumptive presence of marijuana.  (Police Report re Edward Brown, **Exhibit A**) (Peckham Affidavit, **Exhibit C**).

42.     Following his arrest, Brown filed a formal written complaint with the Stonington Police Department alleging that the arresting officer and his partner had "mishandled" him, and were abusive to him.  (Formal Written Complaint by Edward Brown, attached as **Exhibit H**).

43.     Captain Jerry Desmond was assigned to investigate Brown's complaint. (Affidavit of David Erskine, attached as **Exhibit J**) (Affidavit of Jerry Desmond, attached as **Exhibit K**).

44.     As part of the investigation, Captain Desmond obtained a sworn statement from witness Phillip Henry.  (Desmond Affidavit, **Exhibit K**) (Sworn Statement of Phillip Henry dated July 27, 2001, attached as **Exhibit L**).

45.     Henry, at no time, observed the officers act in an abusive manner towards Brown.  (July 27, 2001 Henry Statement, **Exhibit L**).

46.     Henry, at no time, observed the officers throw Brown into the rocks. (July 27, 2001 Henry Statement, **Exhibit L**).

47.     Henry, at no time, observed the officers push, shove or abuse Brown in any manner.  (July 27, 2001 Henry Statement, **Exhibit L**).

48. On July 30, 2001, Brown voluntarily requested that his complaint be withdrawn. (Correspondence from Edward Brown dated July 30, 2001, attached as **Exhibit I**).

49. As a result of Brown's voluntary withdrawal of the complaint, the internal investigation was closed and the status of the complaint was "unfounded." (Affidavit of David Erskine, attached as **Exhibit J**) (Affidavit of Jerry Desmond, attached as **Exhibit K**).

```
                                DEFENDANTS,
                                TOWN OF STONINGTON, DAVID
                                ERSKINE, JERRY DESMOND,
                                RAYMOND CURIOSO, JOHN CARR AND
                                MICHAEL PECKHAM


                                By_____
                                   Beatrice S. Jordan
                                   ct22001
                                   Howd & Ludorf
                                   65 Wethersfield Avenue
                                   Hartford, CT  06114-1190
                                   (860) 249-1361
                                   (860) 249-7665 (Fax)
                                   bjordan@hl-law.com
```

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 26th day of November, 2003.

R. Edward Phillips, Esquire
Law Office of Warren Miller
One Union Plaza, 2nd floor
P.O. Box 116
New London, CT  06320

                                                                                   _____
                                                                                   Beatrice S. Jordan