UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BROWN, ET AL | : NO.: 3:01CV2374 (CFD) |
| v. | : |
| TOWN OF STONINGTON, ET AL | : MARCH 25, 2005 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, the defendants, TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM, hereby move for summary judgment as to each and every allegation of Edward Brown's two count Amended Complaint dated October 29, 2002.

As is more particularly set forth in the attached supporting memorandum of law, the defendants provide as follows:

1. Brown's claims against Raymond Curioso fail as a matter of law as he was not present or involved in Brown's arrest;

2. Brown's claim of a violation of his First Amendment rights fails as a matter of law as he is unable to establish the violation of a clearly established right. In addition, this claim is barred by the doctrine of qualified immunity;

3. The defendants are protected from any claims for excessive force under the Fourth Amendment by the doctrine of qualified immunity;

4. Brown's claim under the Eighth Amendment fails as a matter of law as the undisputed facts show that the Eighth Amendment's guarantees are inapplicable under the circumstances in this case;

- 2 -

5.  No evidence exists to support Brown's claim that the Town of Stonington failed to properly train and supervise its police officers, which rose to the level of deliberate indifference on the part of the Town;

6.  Brown's state constitutional claims fail as a matter of law because Connecticut Courts do not recognize a cause of action for money damages under the state constitution except in very limited circumstances, which do not apply in this case;

7.  Brown's claims for assault and battery fails since the amount of force used was both reasonable under the circumstances and authorized by state statute;

8.  Brown's claims of false arrest and false imprisonment fail as a matter of law as he cannot prove the required elements of these claims.  In addition, these claims are further barred by qualified immunity;

9.  Any claim for indemnification pursuant to C.G.S. §7-465 fails as a matter of law as Brown has failed to properly plead such a cause of action, and the underlying negligence claims against the individual defendants are barred by qualified and governmental immunity;

10. Brown's claims of abuse of process and malicious prosecution fail as a matter of law as he is unable to satisfy the elements of such claims; and

11. Brown's claim alleging intentional infliction of emotional distress in Count Two fails since he cannot prove that the defendants' actions under the circumstances of this case were extreme or outrageous, and he cannot prove the required intent element of this claim.

As required by D. Conn. L. Civ. R. 7 and 56(a), a Memorandum of Law, exhibits, and a Statement of Material Facts Not In Dispute have been simultaneously filed with this Motion.

This motion is made based on the Court's order dated August 17, 2004 denying the defendants' Motion for Summary Judgment without prejudice to the renewal of the same upon such time as the plaintiffs completed their discovery in this matter. Additionally, the Court ordered the parties to file a joint proposed amended scheduling order within 45 days of the August 17, 2004 ruling.  On December 15, 2004, the defendants forwarded a letter to plaintiff Edward Brown regarding completion of the scheduling order. The defendants requested therein that Edward Brown contact the undersigned regarding preparation of the amended scheduling order no later than December 27, 2004.  Finally, the defendants advised that they would seek to renew their Motion for Summary Judgment in accordance with the Court's ruling should they not hear from the plaintiff as requested.

As of the date of this motion, Edward Brown has made no efforts to contact the undersigned with regard to preparation of an amended scheduling order regarding the completion of discovery. More than six (6) months have passed without any communication or attempt by the plaintiff, Edward Brown, to complete the discovery in this matter.  Instead, the Court scheduled argument on the plaintiff's motion for

appointment of counsel. That motion has been denied. The defendants would be prejudiced by further delay by the plaintiff with regard to the timely hearing of their Motion for Summary Judgment.

WHEREFORE, the defendants respectfully request that this Court grant their motion for summary judgment.

>THE DEFENDANTS,
>TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM
>
>/s/ John J. Radshaw, III
>John J. Radshaw, III, ct19882
>Howd & Ludorf, LLC
>65 Wethersfield Avenue
>Hartford, CT  06114-1190
>(860) 249-1361
>(860) 249-7665 (Fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 25th day of March 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

>/s/ John J. Radshaw, III
>John J. Radshaw, III

- 4 -