Westlaw.

Not Reported in A.2d
2001 WL 1712685 (Conn.Super.)
(Cite as: 2001 WL 1712685 (Conn.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
Alfred LIPKA,
v.
David MADOULE et al.
No. CV990428311S.

Dec. 17, 2001.

MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)

ARNOLD, J.

*1 Pursuant to Practice Book § 17-44 et seq., the defendants, Madoule, DeLuise and North Branford have filed a motion for summary judgment regarding the First and Second Counts of the plaintiff's complaint dated June 29, 1999, bearing a return date of August 3, 1999. The defendants claim that said action is barred by the doctrine of governmental immunity and that the claim against the defendant North Branford pursuant to General Statutes § 7-465, is derivative to the negligence claim against defendants DeLuise and Madoule and, thus, must fail as a matter of law.

The plaintiff allegedly sustained physical injuries on or about July 4, 1997, when he was struck in the head by a pyrotechnic firework while he assisted in igniting a fireworks display at 516 Totoket Road, North Branford, Connecticut. The plaintiff was a guest at this residence, attending a July 4th party. The owner of said residence did not possess a permit to conduct a fireworks display.

Acting upon a complaint regarding a fireworks display at 516 Totoket Road, the North Branford Police Department dispatched the defendant, DeLuise, a police officer, to the residence to investigate the complaint. Upon his arrival DeLuise, exited his police vehicle near the driveway area of 516 Totoket Road. Noticing no audible or visual signs of a fireworks display in this area, defendant DeLuise re-entered his vehicle, left the area, and responded to another fireworks complaint. DeLuise did not physically enter onto the premises at 516 Totoket Road to investigate further or to question the homeowners regarding the fireworks complaint. DeLuise left the 516 Totoket Road location for another location near Marjorie Drive, North Branford, where he was met by a fellow police officer, defendant Madoule. While at this second location DeLuise and Madoule became involved in an enforcement action resulting in the seizure of illegal fireworks. However, upon leaving this second location, DeLuise and Madoule were ordered to return to 516 Totoket Road to respond to another complaint regarding a fireworks display.

Upon their arrival at 516 Totoket Road, the two defendants were notified of an injury having occurred at this location. Upon entering onto the subject property, the two defendants discovered that the plaintiff had sustained physical injuries. Defendant DeLuise administered First Aid to the plaintiff, and defendant Madoule began his investigation of the incident.

As a result of this incident, the plaintiff has filed an action alleging negligence against DeLuise and Madoule, in that they failed to break up the illegal fireworks show upon arriving on the scene; they failed to perform a ministerial act which they are empowered to perform by law; and that they failed to take action, even though circumstances of perceptible imminent harm to a crowd of people existed. As to defendant, North Branford, the plaintiff claims that pursuant to General Statutes § 7-465, [FN1] North Branford is liable to pay damages on behalf of its employees who become liable by law to a plaintiff for physical damages to person or property.

> FN1. Sec. 7-465 provides in relevant part:
> (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of Section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to Section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2001 WL 1712685 (Conn.Super.)
(Cite as: 2001 WL 1712685 (Conn.Super.))

Page 2

person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any willful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent, shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was willful and malicious or the action is based on the fellow employees negligence in the operation of a motor vehicle as defined in Section 14-1. This section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough. Any employee of such municipality, although excused from official duty at the time, for the purposes of this section shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law. Such municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefore arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that will pay any verdict rendered in such action against such employee. No mention of any kind shall be made of such statement by any counsel during the trial of such action. As used in this section, "employee" shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board and (2) a member of the local emergency planning committee from such municipality appointed pursuant to Section 22a-601. Nothing in this section shall be construed to abrogate the right of any person, board or commission which may accrue under Section 10-235.

*2 The defendants in arguing for summary judgment claim that the acts of the defendants in investigating the complaint of a fireworks display were governmental acts which they performed in a discretionary manner. The investigation of these complaints were not ministerial, to be performed in a prescribed manner without the exercise of judgment or discretion. As to the claim against North Branford, pursuant to General Statutes § 7-465, the defendants claim that this statutory action is derivative. Municipal liability against North Branford can only be predicated on a prior finding of individual negligence by the employee and North Branford's municipal employment relation with the employee. *Kaye v. Manchester*, 20 Conn.App. 439, 443-44 (1990). Thus, if suit against the employees fails, the claim against the municipality is moot and must also fail.

In opposing the defendants' defense of governmental immunity for discretionary acts, the plaintiff argues that under the circumstances prevailing on July 4, 1997 at 516 Totoket Road, North Branford, he was an "identifiable person who was subjected to imminent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2001 WL 1712685 (Conn.Super.)
**(Cite as: 2001 WL 1712685 (Conn.Super.))**

Page 3

harm" by the defendants' DeLuise and Madoule's failure to thoroughly investigate the initial fireworks complaint at 516 Totoket Road. The plaintiff claims that this failure to protect him from imminent harm at this fireworks display, is an exception to governmental immunity. The plaintiff further argues that as a guest at this display at a private residence he was not only an identifiable person subject to imminent harm, but a foreseeable victim.

"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." *Wilson v. New Haven,* 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Hertz Corp. v. Federal Ins., Co., 245* Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. *Nolan v. Borkowski,* 206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Hertz Corp. v. Federal Ins. Corp., supra,* 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." *Id.* "A material fact is a fact which will make a difference in the result of a case." *Suarez v. Dickmont Plastics Corp.,* 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. *Connell v. Colwell,* 214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. *Santopietro v. New Haven,* 239 Conn. 207, 225 (1996).

*3 "Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortuous conduct. The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." *Purzycki v. Fairfield,* 244 Conn. 101, 107 (1998). "A municipal employee is liable for the misperformance of ministerial acts, but has qualified immunity in the performance of governmental acts." *Mulligan v. Rioux,* 229 Conn. 716, 727 (1994)." Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. In contrast, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Gauvin v. New Haven,* 187 Conn. 180, 184 (1982). Municipal employees are entitled to governmental immunity for acts which require the sound exercise of discretion. *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 180-81 (1988).

Courts have recognized three exceptions where a municipal employee or official can be held liable when performing a discretionary act. They are: "first where the circumstances make it apparent to the public official that his or her failure to act would be like to subject an identifiable person to imminent harm ...; second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than mere negligence." *Purzycki v. Fairfield, supra* at 108.

Policing the community and investigating those who break the law is a governmental function which requires the exercise of discretion. *Gordon v. Bridgeport Housing Authority, supra* at 180-81. The process by which a police officer decides to make an arrest or conduct an investigation involves discretionary acts. *Anderson v. City of New London,* 2000 Ct.Sup. 2609, judicial district of New London at New London (Corradino, J., February 24, 2000); *Castorina v. Stewart,* 1998 Ct.Sup. 9118, judicial district of Fairfield at Bridgeport (Skolnick, J., June 3, 1998) (22 Conn. L. Rptr. 1); *Elinsky v. Marlene,* 1997 Ct.Sup. 11144, judicial district of Hartford-New Britain at New Britain (Hale, JTR, October 31, 1997).

The investigation of a fireworks complaint is a governmental function which requires the discretion of the investigating officers. At all times mentioned in the Amended Complaint, the defendants DeLuise and Madoule were acting within the scope of their employment and performing their duties as police officers for the North Branford Police Department.

Having concluded that the actions of the two defendants DeLuise and Madoule were governmental acts requiring the exercise of discretion and not ministerial acts, the court must decide whether the plaintiff falls within the first exception to governmental immunity, the identifiable person-- imminent harm exception.

*4 Plaintiff argues that he was among a group of 100 to 200 persons who gathered at 516 Totoket Road to view the fireworks display. Plaintiff argues that thus, he, was among a small class of foreseeable victims in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2001 WL 1712685 (Conn.Super.)
(Cite as: 2001 WL 1712685 (Conn.Super.))

Page 4

the area of this illegal fireworks display. He argues that the defendants could have foreseen that anyone in the immediate area of such a large fireworks display including the plaintiff, might have been hurt. He claims the defendants should have been aware, or were aware of the magnitude of the danger. The plaintiff has criticized the defendants for not discovering a large gathering of 100 to 200 persons, yet he alternately argues that he was among a small class of foreseeable victims "as one of the few people in the area of the illegal fireworks display."

The plaintiff cites *Burns v. Board of Education*, 228 Conn. 640 (1994) to advance his argument that this incident is an example of the exception to municipal immunity. He states that imminent harm can be defined as a dangerous condition that was limited in duration and geographical scope, such as this fireworks display at a private residence. However, the instant case differs from the subject matter discussed in *Burns v. Board of Education*, supra 640. In that case the injured party was a student who was required by law to attend school and was under the administration and protection of the school. The student could not leave school, and therefore, the school owed a duty to the student to protect the student from conditions rendering the school grounds unsafe.

The court can consider whether the relationship of the plaintiff with his hosts on July 4, 1997 was voluntary. The court can also consider the seriousness of the injury threatened ... the duration of the threat of injury ... and whether the plaintiff had the opportunity to protect himself from harm. *Fortune v. City of New London*, 2000 Ct.Sup. 16933, judicial district of Middlesex at Middletown (Shapiro, J., December 14, 1999) (27 Conn. L. Rptr. 637), citing *Burns v. Board of Education*, supra at 647-48.

The court finds that the plaintiff voluntarily attended the party on the Fourth of July, as a guest of the homeowners. He had the option not to participate in the viewing of the fireworks or the igniting of the fireworks. He was not compelled to participate in the igniting of the fireworks which injured him. His own judgment, or lack thereof, played a critical part in his well-being.

When defendant DeLuise arrived at 516 Totoket Road on the first occasion, he did not find an indication of a fireworks display in progress at that location. When he discovered a fireworks display a distance from 516 Totoket Road, he and defendant Madoule proceeded to that location and did confiscate fireworks. On the second visit to 516 Totoket Road, the defendants DeLuise and Madoule did view an illegal fireworks display. It was at this time that the plaintiff was injured, concurrent with the defendant's arrival at the scene. The defendant police officers noted the plaintiff's injuries and administered First Aid when they arrived on this second occasion.

*5 The defendants DeLuise and Madoule, as police officers performing their governmental duties, are deemed immune from liability as to the plaintiff's claims based on negligence. Where the plaintiff alleges facts in dispute, the question of whether governmental immunity applies is a question of law for the court to decide. *Purzycki v. Fairfield*, supra at 107 08. The question of whether the plaintiff himself falls within the first exception to governmental immunity is a question of law not fact.

As the court has determined that the plaintiff's claims against the defendants DeLuise and Madoule fail as a matter of law, the plaintiff's claim against the defendant Town of North Branford must also fail. Since there is no underlying liability against the two defendant police officers, there can be no liability for North Branford to indemnify for. "Any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee ..." *Wu v. Town of Fairfield*, 204 Conn. 435, 438 (1987). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach, thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." *Sestito v. Groton*, 178 Conn. 520, 527 (1979). "The municipality's liability is derivative." *Kay v. Manchester*, 20 Conn.App. 439, 443-44 (1990).

Accordingly, for the reasons set forth herein, the motion for summary judgment in behalf of the defendants DeLuise, Madoule and North Branford is hereby granted.

2001 WL 1712685 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.