UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BROWN, ET AL | :     NO.: 3:01CV2374 (CFD) |
| v. | : |
| TOWN OF STONINGTON, ET AL | :     APRIL 18, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH**

     The defendants object to the plaintiff's motion to quash and in the alternative to amend the scheduling order. The plaintiff's dilatory conduct should not be rewarded. Despite the representation in the first numbered paragraph, no proper pending motion to compel exists on the record. The plaintiff filed a one-page conclusory motion to create an issue where not had existed. Plaintiff's claim in this regard should be rejected.

     Despite the implication in paragraphs 4, 5, and 6, there is no new counsel for plaintiff. The plaintiff's motion for appointment of counsel has been denied. The plaintiff's confusing (and potentially misleading) statements on this issue should be rejected. If plaintiff has indeed found counsel and he or she exists, such counsel should file an appearance. No appearance has been filed and plaintiff does not name any counsel. Plaintiff knew his lawyer was allowed to withdraw in August 2004. Since then he has never provided any evidence that he has spoken to any lawyer about taking his case. The court has already determined that plaintiff's claims do not merit the appointment of counsel.

     Plaintiff's argument to amend the scheduling order is a transparent delaying tactic that was used once before. Plaintiff's argument should be rejected. He and his

then counsel claimed in December 2003 that discovery was needed and they were fully apprised of the defendants' arguments at summary judgment, all of which were repeated in the most recent motion for summary judgment. Despite the passage of 15 months, no discovery was taken. Plaintiff asks for time for "new counsel" to prepare. Where is this new counsel? Where is his or her appearance? Plaintiff fails to make even a representation about the identity of such "new counsel". This dilatory tactic should be rejected.

Most importantly, plaintiff's representations in paragraph 10 are completely false. Plaintiff called the undersigned on Monday, March 28, 2005 concerning the defendants' motion for summary judgment which was recently filed with the court. In that telephone call, the plaintiff asked the undersigned what the documents stated. In response, the undersigned urged the plaintiff to read them carefully, especially the notice to pro se litigants concerning summary judgment. Plaintiff complained counsel's actions were unfair and unprofessional because these pleadings were filed with the court before speaking or consulting with him. Counsel's letter to the plaintiff following that conversation is attached as Exhibit A. Nothing was mentioned about "why depositions of individual defendants were not taken pending resolution of the motion to compel discovery responses."

Between September 2004 and late January 2005, the defendants offered to cooperate to amend the scheduling order on several occasions. Not receiving any response, the defendants moved to amend the scheduling order. That order was granted and the court set deadlines. Plaintiff's actions are too late and should be rejected.

WHEREFORE, the defendants respectfully request that this Court grant their motion for summary judgment.

THE DEFENDANTS,
TOWN OF STONINGTON, DAVID
ERSKINE, JERRY DESMOND,
RAYMOND CURIOSO, JOHN CARR
and MICHAEL PECKHAM

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 (Fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 18th day of April 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

                                                    /s/ John J. Radshaw, III
                                                    John J. Radshaw, III