UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | APRIL 18, 2005 |

**DEFENDANTS' REPLY PLAINTIFF'S OBJECTION TO MOTION FOR BOND AS SECURITY FOR COSTS**

The plaintiff's Objection to Motion for Bond as Security for Costs (Doc. #87) should be overruled as it is untimely. By way of background, the defendants filed a Motion for Bond as Security for Costs against the plaintiff on December 7, 2005. (*See* Doc. #70). The Court granted that motion on December 17, 2004. (*See* Doc. Entry #74). but for this recent objection nearly four months after the Court's order to post bond, the plaintiff has not taken any steps to post a bond or object to the motion. After the court's denial of the plaintiff's Motion for Appointment of Counsel (*see* Doc. Entry #81) and the filing of the defendants' Motion for Summary Judgment (*see* Doc. #82), the plaintiff now seeks to under the order for bond and avoid the expenses which the defendants have already incurred in preparing and filing a dispositive motion. The bond for security for costs protects litigants, such as the defendants, in these circumstances. See Fed.R.Civ.P. 54 and D.Conn.L.R. 54.

The defendants are not unmindful of the plaintiff's financial concerns but cannot acquiesce in further delays, especially when the defendants will have little recourse to recover their expenses. In a federal lawsuit alleging different theories against non-municipal defendants, our opinion may differ. However, the plaintiff has made baseless

allegations against public officials.  They are protected by qualified immunity.  Qualified immunity is not just an immunity from suit, not merely from liability.  *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct.534, 116 L.Ed.2d 589 (1991).  The defendants should not be burdened any further, both by the defense of this suit or the costs associated with the same.[1]

WHEREFORE, the defendants respectfully request that this Court overrule the plaintiff's objection and dismiss this action unless the plaintiff provides security consistent with this Court's order within ten (10) days.

> THE DEFENDANTS,
> TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM
>
> /s/ John J. Radshaw, III
> John J. Radshaw, III, ct19882
> Howd & Ludorf, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114-1190
> (860) 249-1361
> (860) 249-7665 (Fax)

---

[1] At oral argument before the court on February 18, 2005, counsel for the defendants underscored the defendants' primary concern:  establishing a firm scheduling order that put the case on track for disposition.  The defendants prefer a timely disposition of this case rather than the acceptance of the repeated and unsubstantiated claims, that the plaintiff cannot find a lawyer to take his case.  This court has denied plaintiff's motion for appointment of counsel on two occasions, once finding that his case will not pass the test of likely merit.  On that basis, the defendants conclude that additional delays are unwarranted.  Since that time, the court granted the defendants' motion to amend the scheduling order.  See Docs. # 75, 89.  If that scheduling order were to remain firm and plaintiff were to respond to the pending dispositive motion promptly, the defendants would have no objection to the Court vacating its prior order requiring bond.  The defendants see the plaintiff's recent motions as nothing more than an effort to forestall the inevitable.

- 3 -

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 18th day of April, 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

                                      <u>/s/ John J. Radshaw, III</u>
                                      John J. Radshaw, III