UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | APRIL 18, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

It is difficult to discern what the plaintiff is seeking in Document #88 captioned "Motion to Compel". As a threshold matter, the Court's docket indicates that exhibits were filed with this motion and were manually filed, not docketed as PDFs. The pleading served upon the defendants' counsel of records was limited to one page and did not contain any exhibits whatsoever. The plaintiff should be admonished for failing to serve all of the documents he files with the court upon all other parties of record. Even a plaintiff proceeding *pro se* cannot be excused in this regard.

Rule 37 addresses the failure to make disclosure or cooperate in discovery. This is not the case here. Neither plaintiff nor his former counsel noticed depositions or has claimed that outstanding discovery responses are due. Indeed, the parties resolved their discovery disputes long ago. The remainder of the plaintiff's motion makes no sense as plead and misunderstands the status of the pleadings on the court's docket in this case. As far as the defendants can tell, plaintiff's motion to compel discovery responses is really asking to compel depositions. Not only is plaintiff's motion not compliant with Fed.R.Civ.P. 37 or D.Conn.L.R. 37, discovery has closed and no depositions can be taken after the close of discovery. Plaintiff's claim that he "received

no response from defendant's said issue [sic]" appears to represent that some conversation or communication took place between himself and counsel for the defendants on the issue of discovery. Defendants' counsel and the plaintiff discussed the dispositive motion, nothing more.  *See* Exhibit A. If the plaintiff wanted to conduct discovery, he had ample time to do so and has not.  Back in August 2004, this court ordered the parties to cooperate in modifying the scheduling order to take into account the court's order allowing plaintiff's counsel to withdraw.  Despite several requests, including one in advance of the recent motion hearing, plaintiff refused to respond.  The defendants ultimately moved to modify the scheduling order unilaterally.  That motion was granted and the plaintiff does not appear to be cognizant of the motion itself or the order granting the same.

     Plaintiff's instant motion seems to imply that a motion to compel exists on the docket might be unresolved or not ruled upon.  The defendants' review of the docket reveals that all pending motions to compel were denied.  None are pending. Indeed, the plaintiff's short motion is bereft of any information from which the defendants could even speculate about what discovery might be the subject of his motion.

     Rather, the defendants submit this motion is nothing more than a delaying tactic by the plaintiff.  The defendants' motion for summary judgment comes as no surprise.  The first motion, with supporting documents, was filed in November 2003.  The plaintiff, both *pro se* and represented by counsel, has had more than 15 months to be examine and understand the defendants' dispositive arguments.  Despite the passage of time, neither plaintiff nor his former counsel took any action whatsoever.  The defendants' present motion for summary judgment is essentially the same as the prior motion with

the exception that the memorandum of law is at least 10 pages shorter. Although the defendants disagreed with the court at that time, the court fairly denied summary judgment without prejudice in December 2003. The plaintiff has been on notice of the issues on which the defendants seek judgment. He has been free to litigate this issues since December 2003 (and earlier). The plaintiff does not warrant a second opportunity.

WHEREFORE, the defendants respectfully request that this Court deny the plaintiff's motion to compel.

THE DEFENDANTS,
TOWN OF STONINGTON, DAVID
ERSKINE, JERRY DESMOND,
RAYMOND CURIOSO, JOHN CARR
and MICHAEL PECKHAM

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (Fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 18th day of April 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

/s/ John J. Radshaw, III
John J. Radshaw, III
