UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BROWN, ET AL | :  NO.:  3:01CV2374 (CFD) |
| v. | : |
| TOWN OF STONINGTON, ET AL | :  APRIL 29, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES IN PREPARATION FOR TRIAL**

The defendants, TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM, object to the plaintiff's "Motion to Compel Discovery Responses in Preparation for Trial". The motion is untimely, and based the applicable Federal Rules of Civil Procedure, should be denied.

**I.   BACKGROUND.**

By way of motion dated April 25, 2005, the plaintiff, Edward Brown, seeks to compel the production of the following items:

(1) Depositions of the individual defendants;
(2) Videotapes from the night of his arrest;
(3) Photographs of the defendant officers;
(4) Copy of the check sent to the law office of Warren Miller and Edward Phillip;
(5) Copy of polices and procedures of use of excessive force in apprehending a suspect; and
(6) Videotapes of Department HQ lobby on day following arrest.

Plaintiff concludes his motion by stating: "All new discovery responses must be submitted in short order in preparation of trial. This concludes new discovery." This

statement implies the defendants should respond in some period of time less than the time allowed by the Federal Rules of Civil Procedure.[1]

The plaintiff's motion makes no sense. It cannot be a proper motion to compel as these items were never requested during the time of discovery. Further, a motion to compel is not the proper vehicle to propound discovery. Even if considered as a request for production of documents, plaintiff's request is untimely.[2] Discovery closed on March 15, 2005.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

Fed.R.Civ.P. 37 and D.Conn.L.R. 37 set forth very specific requirements before the court may consider a Motion to Compel. Reviewing these rules demonstrates the patent defects in the plaintiffs' Motion. In particular, D.Conn.L.R. 37(a)(2) states:

> No motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposition party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of court, and has been unable to reach such an agreement.

---

[1] Fed.R.Civ.P. 34(b) allows thirty (30) days to respond to requests for production of documents unless a different time is fixed by the court.

[2] The defendants have treated the plaintiff's motion as an untimely request for production of documents and responded and objected to the same. D.Conn.L.Civ.R. 5(e) prevents the defendants from filing their response. If the court so orders, the defendants will file said response pursuant to D.Conn.L.Civ.R. 5(e)3.

"Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (CA2 1995) (internal quotation marks and citations omitted).

> B. BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 37, HAS NEVER PROPERLY SERVED THE DISCOVERY IN QUESTION, AND NOW MOVES FOR COMPLIANCE AFTER THE CLOSE OF DISCOVERY, THE MOTION TO COMPEL SHOULD BE DENIED.

It is undisputed that the plaintiff has never conferred with defendants' counsel concerning the issues set forth in his Motion – in a good faith effort to resolve the issues or otherwise. That defect requires denial of this motion. *See* D.Conn.L.R. 37(a)(2). Certainly, the plaintiff has never discussed the discovery issues claimed in his Motion to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Because the plaintiff never made any effort as required by Fed.R.Civ.P. 37(a)(2), it would be impossible for him to execute an affidavit that he did so and attach it as part of his moving papers. Fed.R.Civ.P. 37(a)(2) ("In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposition party in an effort in good faith . . ."). Therefore, this motion should be denied.

The motion to compel might be a non-frivolous motion if the discovery sought had ever been served upon the defendants during the time allotted for discovery. It is undisputed that it was never served in that manner. Discovery closed on March 15, 2005. The time for discovery has elapsed. In fact, at least one of the items listed in the

3

plaintiff's motion, the policies and procedures of the Town of Stonington Police Department on the use of force, have already been disclosed to the plaintiff. D.Conn.L.R. 5(e) prevents filing said discovery responses with the court to establish that responses were, in fact, made.

Plaintiff's *pro se* status should not excuse this improper use of motion practice. This is another dilatory tactic to avoid adjudication of the defendants' dispositive motion. Plaintiff was due to respond by April 18, 2005. To date, no response has been filed. Local Rule 7(a)1 allows the court to grant the defendants' dispositive motion when no response is filed within the time allowed by the governing rules of procedure.

### III.     **CONCLUSION.**

WHEREFORE, the defendants pray that the plaintiff's motion to compel is denied.

THE DEFENDANTS,
TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 (Fax)

4

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 29th day of April 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

                                              <u>/s/ John J. Radshaw, III</u>
                                              John J. Radshaw, III