**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.:  3:01CV2374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | APRIL 29, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**"MOTION TO RE-CONSIDER APPOINTMENT OF COUNCEL [SIC]"**

The defendants, TOWN OF STONINGTON, DAVID ERSKINE, JERRY

DESMOND, RAYMOND CURIOSO, JOHN CARR and MICHAEL PECKHAM, object to

the plaintiff's "Motion to Re-Consider Appointment of Councel [sic]".  The motion is

untimely and based on the law of the case, should be denied.

## I.    BACKGROUND.

At the commencement of the present case, the plaintiff, Edward Brown, was

represented by an attorney, Edward Phillips.  During the progress of the litigation,

something arose which caused the Court to allow Attorney Phillips to withdraw from the

case. Since that time, Mr. Brown has proceeded *pro se.*  In the past, Mr. Brown has

twice filed for appointment of counsel.  On November 13, 2003, Mr. Brown moved for an

appointment of counsel. *See* Doc. #46. That motion was denied on August 17, 2004.

*See* Doc. #66. At the time that the Court denied Mr. Brown's first motion for appointment

of counsel, the court reviewed "the plaintiff's motion, complaint, and record as a whole."

The Court found "the plaintiff ha[d] failed to establish that his claim is likely to be of

substance." *Id.* Not only did the Court have the plaintiff's complaint and motion before,

the Court had the defendants' motion for summary judgment with supporting

documents.

On August 31, 2004, Mr. Brown again requested appointment of counsel in a letter to the court. *See* Doc. #68. Following a hearing in open court on February 18, 2005, the Court agreed to take the motion under advisement.  At that hearing, Mr. Brown was afforded ample opportunity to make his case for the appointment of counsel. Mr. Brown's motion was denied on March 17, 2005. *See* Doc. #81.  Since that time, nothing has changed that warrants the appointment of counsel.

In an undated pleading received on April 26, 2005, Mr. Brown now moves the court to "re-consider the appointment of councel [sic]".  In that motion, Mr. Brown lists a number of alleged contacts with attorneys in the New London area concerning taking his case. In each instance, Brown relates that the prospective counsel either declined representation or was unable to speak with him. Mr. Brown again requests the appointment of counsel. Apparently, the fact that Brown has made multiple contacts with attorneys with negative results for representation warrants appointment of counsel.

## II.    LAW AND ARGUMENT.

### A.    STANDARD OF REVIEW.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. Motions for reconsideration are authorized by Rule 7(c) of the Local Rules of Civil Procedure of the District of Connecticut. In some cases, a motion for reconsideration is treated as a motion under Fed.R.Civ.P. 60(b). In other cases, courts have treated a motion for reconsideration under the standards of Fed.R.Civ.P. 59(e). *Cf. City of Hartford v. Chase*, 942 F.2d 130, 133-134 (CA2 1991) (treating a motion filed under a local rule as a motion under Rule 59(e) since it was "as a practical matter the same thing as [a] motion[] for amendment of judgment. . . ."); *Fort Knox Music Inc. v.*

*Baptiste*, 257 F.3d 108, 111 (CA2 2001) ("While normally [relief under Rule 60(b)] is sought by motion of a party . . . nothing forbids the court to grant such relief *sua sponte*.")

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (CA2 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

"Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (CA2 1995) (internal quotation marks and citations omitted).

> **B.     BROWN'S "MOTION TO RE-CONSIDER" THE APPOINTMENT OF COUNSEL SHOULD BE DENIED; NEITHER EQUITY NOR THE "NEW EVIDENCE" WARRANTS RECONSIDERATION OF THE COURT'S DECISION.**

The standard for granting a motion for relief from judgment under Rule 60 is strict. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (CA2 1986); *cf. Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (CA2 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked--matters, in

other words, that might reasonably be expected to alter the conclusion reached by the

court."). Brown has not provided any evidence that would warrant reconsideration of the

court's prior decisions.  Treating Mr. Brown's motion as one under Rule 60(b), Rule

60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party
> ... from a final judgment, order or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud
> (whether heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise vacated, or it is no
> longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

The best argument that could be inferred from Brown's pleadings is the Court's

decision should be reconsidered on the basis of equity and/or the new evidence that

Brown has spoken with several attorneys, all who will not take his case.[1]

A party seeking relief from judgment under Rule 60(b)(2) "has an onerous

standard to meet." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (CA2

2001). Specifically, the party seeking relief must demonstrate that "(1) the newly

discovered evidence was of facts that existed at the time of trial or other dispositive

proceeding, (2) the [party seeking relief] must have been justifiably ignorant of them

---

[1]In considering Mr. Brown's motion, the court "must construe *pro se* [pleadings] liberally, applying a more flexible standard to evaluate their sufficiency than [they] would when reviewing a [pleading] submitted by counsel." *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (CA2 2002). Furthermore, it is well settled that *pro se* pleadings "should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (CA2 2001) (*quoting Graham v. Henderson*, 89 F.3d 75, 79 (CA2 1996)).

despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *Id.* (*quoting United States v. IBT*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).

The balance of the equities does not fall in his favor.  The appointment of counsel is guided by statute and *Hodge v. Police Officers*, 802 F.2d 58 (CA2 1986).  The Court's decision was guided by *Hodge* and the equity of the situation does not play a role in that initial evaluation.  Not having passed the initial threshold, Brown's claims should be rejected.

Treating the disclosure of attorney contacts as new evidence, Brown was arguably in possession of at least some of this information at the time of the February 18, 2005 and had an opportunity to present that evidence at that time. It cannot be said Brown was "justifiably ignorant" despite due diligence as he personally participated in the meetings and phone calls. Moreover, Brown has known he has needed new counsel since August 2004.  Furthermore, the evidence is not of such importance that it probably would have changed the outcome.  The test for appointment of counsel as discussed in *Hodge v. Police Officers*, 802 F.2d 58 (CA2 1986), does not take into consideration the availability of counsel at the first step of the analysis.  The *pro se* plaintiff seeking counsel must meet the threshold that their claims are "likely to be of substance". *Id.* at 62. Brown has already failed that test twice.

III.    <u>**CONCLUSION.**</u>

WHEREFORE, the defendants respectfully request that this Court deny the plaintiff's "Motion to Re-Consider Appointment of Councel [sic]".

THE DEFENDANTS,
TOWN OF STONINGTON, DAVID
ERSKINE, JERRY DESMOND,
RAYMOND CURIOSO, JOHN CARR
and MICHAEL PECKHAM

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 (Fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to all pro se parties and counsel of record this 29th day of April 2005 as follows:

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

/s/ John J. Radshaw, III
John J. Radshaw, III