UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | APRIL 4, 2006 |

### REPLY TO PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants hereby reply to the plaintiff's pleading captioned, "Responding to Motion for Summary Judgment Pursuant to D.Conn.L.R.7 and Fed.R.Civ.P.56 Planiff [sic] Edward A. Brown Submit the Following Memorandum of Law In Support of Motion for Summary Judgment," (hereinafter referred to as "Opposition Brief") [Doc. 100], dated February 25, 2006. As is more particularly set forth below, the plaintiff fails to demonstrate the existence of any genuine issue of material fact sufficient to defeat the defendants' Summary Judgment Motion.

As a preliminary matter, the defendants' note that the pro se plaintiff was served with the "Notice to Pro Se Litigants Opposing Motion for Summary Judgment," along with copies of Fed. R. Civ. P 56 and Local Rule 56, in accordance with Local Rule 56(b).[1] The plaintiff, nevertheless, has wholly failed to comply with Fed. R. Civ. P 56 and D. Conn. L. R. 56 in responding to the summary judgment motion. Accordingly, the defendants have simultaneously filed herewith a Motion to Strike with regard to the unsupported allegations contained in the plaintiff's Opposition Brief, as well as the

---

[1] The plaintiff was served with said notice and appended rules by way of certified mail. The plaintiff signed for receipt of the same on March 28, 2005.

inadmissible exhibits appended to the plaintiff's response to the summary judgment motion.

I. **THERE EXISTS NO DISPUTED ISSUES OF MATERIAL FACT AS THE PLAINTIFF IS DEEMED TO HAVE ADMITTED ALL FACTS SET FORTH IN THE DEFENDANTS' LOCAL RULE 56(A)1 STATEMENT**

The plaintiff has failed to file a Local Rule 56(a)2 Statement with his response to the defendants' summary judgment motion. Pursuant to Local Rule 56(a)1, all material facts set forth in the defendants' Rule 56(a)1 Statement "will be ***deemed admitted*** unless controverted by the [Local Rule 56(a)2 Statement] required to be filed and served by the opposing party." D. Conn. L. R. 56(a)1 (emphasis added). Additionally, each of the plaintiff's denial of a material fact set forth in the defendants' Local Rule 56(a)1 Statement must be followed by a specific citation to an affidavit and/or other admissible evidence supporting such a denial, the failure of which "may result in the Court deeming certain facts admitted in accordance with Rule 56(a)1."

As indicated above, the plaintiff has failed to file a Local Rule 56(a)2 Statement identifying which material facts are denied by him, and setting forth a citation in support of each such denial. Accordingly, the plaintiff is deemed to have admitted all material facts set forth in the defendants' Rule 56(a)1 Statement. The defendants are, therefore, entitled to judgment as a matter of law as set forth in their summary judgment motion as no genuine issues of material fact exists.

II. **NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE PROBABLE CAUSE EXISTED FOR THE PLAINTIFF'S ARREST**

In his response to the summary judgment motion, the plaintiff contends that he can prevail on this claim of false arrest as the charges against him were dismissed.

(See Opposition Brief, at p. 1, subsection "B. Plaintiff's Complaint".) The plaintiff references an "attached police record." (Id.)

Contrary to the plaintiff's assertion however, the Court Abstract referencing the charges stemming from the subject arrest clearly indicates that the plaintiff pled guilty to the charge of Breach of Peace/Creating a Public Disturbance pursuant to Conn. Gen. Stat. § 53a-181a, and paid a $50.00 fine.[2] (See State of Connecticut Court Abstract, dated April 15, 2002, attached as Exhibit S to the defendants' Summary Judgment Motion.)

Nevertheless, the plaintiff offers no admissible evidence supporting his claim that there existed no probable cause for his arrest. Rather, the plaintiff contends that he was lawfully scuba diving as he was diving in the area of the Small Boat Association. (See Opposition Brief, at p. 1, subsection "A. Plantiff [sic] Arrest on June 29, 2001".) The plaintiff further contends that this was a public area in which he had permission to dive. (See id., at p. 3, subsection "H"; p. 4.) However, the plaintiff does not dispute that the use of the Small Boat Association leased access area was limited to members and guests of the Association. Nor does the plaintiff offer any admissible evidence that he was either a member of guest of the Association. Rather, he makes the unsupported statement that he had permission to use the leased access for diving, and fails to attach an affidavit or permit supporting this contention. Therefore, there exists no genuine issue of material fact that there existed probable cause to arrest the plaintiff for Criminal Trespass pursuant to Conn. Gen Stat. § 53a-109.

---

[2] The Court may take judicial notice of the State of Connecticut Court Abstract regarding plaintiff's guilty plea pursuant to Fed. R. Evid. 201.

Additionally, the plaintiff expressly admits that he used obscene language at the time of the arrest. Specifically, the plaintiff does "admitt [sic] to telling the officer to get the fucking light out of my eyes . . . " (See Opposition Brief, at p. 2.) Thus, the plaintiff, by his own admission, was in violation of Conn. Gen. Stat. § 53a-181 in using abusive or obscene language in a public place. The undisputed facts, therefore, demonstrate that the defendants had probable cause to arrest the plaintiff for Breach of Peace pursuant to Conn. Gen. Stat. § 53a-181.

The plaintiff's Opposition Brief does not offer any admissible evidence disputing the existence of probable cause for his arrest on the remaining charges other than to make the general statement that the defendants did not have a warrant for his arrest and probable cause was lacking. Thus, there exists no genuine issue of material fact that the defendants had probable cause to arrest the plaintiff on the remaining charges.

### III.    NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE DEFENDANTS' USED REASONABLE FORCE IN EFFECTUATING THE PLAINTIFF'S ARREST AND ARE ENTITLED TO QUALIFIED IMMUNITY WITH REGARD TO THE EXCESSIVE FORCE CLAIM

The plaintiff's Opposition Brief is devoid of any affidavits, sworn testimony or other admissible evidence demonstrating a genuine issue of material fact as to the reasonableness of the force used in effectuating his arrest, or the defendants' entitlement to qualified immunity with regard to his excessive force claim. Rather, the plaintiff simply makes factual allegations that he was grabbed by the arm, shoved into the rocks and shoved into the police cruiser. (See Opposition Brief, at p. 2.) The plaintiff does not attest to the same by way of any affidavit, nor does he attach any sworn deposition testimony averring to the same. Moreover, the plaintiff simply

4

alleges that Jeff Menard and his mother, Barbara Brown, are witnesses to the excessive force claim, yet he fails to attach any affidavits or sworn testimony of either of them verifying the same. Such unsupported and inadmissible hearsay should be stricken from the record as set forth in the defendants' accompanying Motion to Strike.

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256, 106 S.Ct. at 2510; see also, Knight v. United States Fire Insurance Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 763 (1987); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986). When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. See Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987).

Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See First National Bank of Clinton, Ill. v. Insurance Co. of North America, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the

District Court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay which does not fall under one or more of the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not properly be considered.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Beyene v. Coleman Security Servies, Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp. v. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y. 1941).

      Here, the plaintiff does not dispute the material fact set forth in the defendants' Rule 56(a)1 Statement supporting the reasonableness of the defendants' use of force, nor the defendants' entitlement to qualified immunity.  The plaintiff further fails to set forth any admissible evidence disputing these material facts.  The plaintiff's mere speculation and conjecture that the defendants utilized excessive force in effectuating his arrest is insufficient to defeat the defendants' properly supported summary judgment motion.

      Additionally, the right to make an arrest necessarily involves the right to use some degree of physical coercion to effectuate the arrest.  See Saucier v. Katz, 533 U.S. 194, 208, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), citing Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  Thus, not every push or shove, even if later deemed unnecessary, violates the Fourth Amendment protection against excessive force.  Id.  The plaintiff has wholly failed to demonstrate that his unsupported claims of being grabbed and shoved rise to the level of a constitutional violation.   Moreover, the plaintiff offers no admissible evidence disputing independent witness Phillip Henry's sworn statement that he did not observe the officers acting in

an abusive manner towards the plaintiff, throw him into the rocks, or push, shove or abuse him in any manner.  (See Sworn Statement of Phillip Henry, dated July 27, 2001, attached as Exhibit L to defendants' Motion for Summary Judgment.)

Accordingly, there exists no genuine issue of material facts that the defendants acted reasonably in effectuating the plaintiff's arrest, or that the defendants' conduct is protected by the doctrine of qualified immunity.

### IV. THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS WITH REGARD TO THE REMAINING CLAIMS WHICH THE PLAINTIFF HAS FAILED TO ADDRESS AND/OR WAIVED IN HIS OPPOSITION BRIEF

With regard to the remaining claims of the Complaint, the plaintiff wholly fails to address them in his Opposition Brief, or simply makes the general assertion that he can prevail on said claims without citing to or relying upon any relevant and admissible evidence in support of his assertions.  Specifically, the plaintiff wholly fails to address the following grounds upon which the defendants have moved for summary judgment in his Opposition Brief:

1. That the defendants are entitled to governmental immunity as to his state law claims of false arrest and warrantless arrest;

2. That he has failed to state a legally cognizable cause of action against the Town of Stonington;

3. That his state law claims of assault and battery fail as a matter of law; and

4. That his claims of malicious prosecution fail as a matter of law.

The defendants are, therefore, entitled to judgment as a matter of law with regard to the above claims as the plaintiff has failed to address them, thereby failing to establish a genuine issue of material fact as to the same.

Additionally, the plaintiff has done no more than generally assert that he will prevail on the following claims without citing to or relying upon admissible evidence in support of his contention, or by wholly failing to append the exhibit purporting to support such claims (i.e. reference to unattached and unspecified affidavit):

1. That his claims against Raymond Curioso fail as a matter of law as Officer Curioso was not present at the time of his arrest;

2. That the Fourteenth Amendment does not provide the proper vehicle for an excessive force claim;

3. That his claims under the Eighth Amendment fails as a matter of law;

4. That his claims of unreasonable search and seizure fail as a matter of law;

5. That his claim for violation of his First Amendment rights fail as a matter of law;

6. That his claim of false imprisonment fails as a matter of law;

7. That his claims of abuse of process fail as a matter of law;

8. That his claims for intentional infliction of emotional distress fail as a matter of law;

9. That his claims under the Connecticut Constitution fail as a matter of law; and

10. That his claim for indemnification pursuant to Conn. Gen. Stat. § 7-465 fails as a matter of law.

Accordingly, there exists no genuine issue of material fact that the defendants are entitled to judgment as a matter of law as to the plaintiff's above claims.

**V.    CONCLUSION**

For the foregoing reasons, the defendants respectfully requests that summary judgment enter in their favor as to the plaintiff's Amended Complaint in its entirety.

                                         DEFENDANTS,
                                         TOWN OF STONINGTON, DAVID
                                         ERSKINE, JERRY DESMOND,
                                         RAYMOND CURIOSO, JOHN CARR AND
                                         MICHAEL PECKHAM

                                         By    /s/ Beatrice S. Jordan
                                             Beatrice S. Jordan
                                             ct22001
                                             Howd & Ludorf, LLC
                                             65 Wethersfield Avenue
                                             Hartford, CT  06114-1190
                                             (860) 249-1361
                                             (860) 249-7665 (Fax)
                                             Juris No.:  28228
                                             bjordan@hl-law.com

## **CERTIFICATION**

   This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via First Class Mail, to the following pro se plaintiff of record this 4th day of April, 2006.


Edward Brown
4 Marlene Drive
Ledyard, CT 06339


                By____/s/ Beatrice S. Jordan_____
                Beatrice S. Jordan