UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, ET AL | : | NO.: 3:01CV2374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL | : | APRIL 4, 2006 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

The defendants, **Town Of Stonington, David Erskine, Jerry Desmond, Raymond Curioso, John Carr, and Michael Peckham**, hereby submit this memorandum in support of their Motion to Strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND:

### A. GENERAL FACTS

In the evening of June 29, 2001, the plaintiff went to the Stonington Town Docks with a friend (Menard), where the plaintiff intended to dive for lobsters. Witnesses called the Stonington Police Department to report the activity. The Stonington Town Docks had clearly marked signs reading "No Scuba Diving or Swimming at Town Sock."

Upon arrival at the scene, the defendant officers observed that both Menard and his clothing were wet. Menard conceded that he had been in the water. The plaintiff, who was still underwater diving for lobsters at the time police arrived on the

scene, refused to exit the water with the bag he was carrying despite being ordered to do so by the officers. Brown was belligerent and proceeded to empty the bag he was carrying into the water despite repeated orders by the officers to refrain from doing so.

Menard was arrested and charged with Breach of Peace pursuant to Conn. Gen. Stat. §53a-181, and Criminal Trespass pursuant to Conn. Gen. Stat. §53a-109, and was released on a Promise to Appear. The plaintiff was charged with Breach of Peace pursuant to Conn. Gen. Stat. §53a-181, Criminal Trespass pursuant to Conn. Gen. Stat. §53a-109, Interfering with an Officer pursuant to Conn. Gen. Stat. §53a-167(a), Possession of Marijuana pursuant to Conn. Gen. Stat. §21a-279(c), Possession of Drug Paraphernalia pursuant to Conn. Gen. Stat. §21a-267, and Scuba Diving Without Proper Flags pursuant to Conn. Gen. Stat. §15-135(a), and released on a $1,000 non-surety bond.

**B. PROCEDURAL BACKGROUND**

The plaintiff alleges that he was wrongfully arrested and charged with criminal trespass, breach of peace, interfering with an officer, possession of marijuana, possession of drug paraphernalia, and scuba diving without proper flags. Amended Complaint, Count One, ¶10. The plaintiff further sets forth a myriad of federal and state constitutional claims. (See Amended Complaint, Count One, ¶23.)

The plaintiff also sets forth numerous state law claims, namely that the defendants, "deprived [him] of [his] rights to be free from assault and battery, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress." (See Amended Complaint, Count One, ¶24.) Additionally, in the First Count of the Amended Complaint, Brown alleges indemnification by the Town of Stonington, pursuant to Conn. Gen. Stat. §7-465, for the actions of the named defendants as set forth above. (See Amended Complaint, Count One, ¶4.) Finally, Brown appears to allege a failure to train and supervise claim against Chief of Police David Erskine and Police Captain Jerry Desmond. (See Amended Complaint, Count One, ¶¶7-8.) The Second Count of the Amended Complaint alleges a claim for intentional infliction of emotional distress as to each defendant. (See Amended Complaint, Count Two.)

On November 26, 2003, the defendants filed a comprehensive motion for summary judgment. The Court denied the motion without prejudice. On or about March 25, 2005, the defendants filed a second motion for summary judgment. The defendants also filed a document titled "Notice To *Pro Se* Litigant Opposing Motion For Summary Judgment As Required By D. Conn. L. R. 56(B)" with attached rules for opposing summary judgment.

On or about February 25, 2006, the pro se plaintiff filed a brief titled

"Responding to Motion for Summary Judgment Pursuant to D.Conn.L.R. 7 and Fed.R.Civ.P. 56." The brief does not include a Rule 56(a)2 Statement. The brief does not address the defendant's Rule 56(a)1 Statement. The defendants submit that the brief is improper and should be stricken, in addition to the majority of the plaintiff's exhibits.

## II. STANDARD OF REVIEW

"The principles concerning admissibility of evidence do not change on a motion for summary judgment." Barlow v. Connecticut, 319 F.Supp.2d 250, 257 (D. Conn. 2004), citing Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) and Newport Elecs. V. Newport Corp., 157 F.Supp.2d 202, 208 (D. Conn. 2001). "Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated." Barlow, 319 F.Supp.2d at 257 (citations omitted). The judicial authority may also strike immaterial or impertinent pleadings from the record. See Fed. R. Civ. P. 12(f).

## III. LAW AND ARGUMENT

The defendants move this Court to strike the plaintiff's "Responding [sic] to Motion for Summary Judgment," dated February 25, 2006, in its entirely for his failure to comply with Rule 56(a)2 and/or submit a Rule56(a)2 Statement. The defendants move this Court to strike the below referenced factual pleadings set forth in the

plaintiffs' "Responding [sic] to Motion for Summary Judgment," dated February 25, 2006, and the below referenced exhibits attached to said memorandum.

### A. THE FACTS SET FORTH WITHIN THE DEFENDANTS RULE 56(A)1 STATEMENT SHOULD BE DEEMED ADMITTED FOR PLAINTIFF'S FAILURE TO COMPLY WITH RULE 56(A)2

By way of notice dated March 25, 2005, the defendants properly apprised the pro se plaintiff of the necessary rules, as required by D. Conn. L. R. 56(b). The pro se plaintiff failed to follow these rules by failing to submit a Rule 56(a)2 Statement. Moreover, the plaintiff did not provide an affidavit in support of his opposition, nor did he cite to proper exhibits. All factual statements set forth within the defendants' Rule 56(a)1 Statement should be deemed unopposed and, therefore, admitted. See D. Conn. L. R. 56(a)1.

### B. IRRELEVANT AND UNSUPPORTED FACTUAL ALLEGATIONS SET FORTH WITHIN THE PLAINTIFF'S MEMORANDUM SHOULD BE STRICKEN FROM THE RECORD

#### 1. Unsupported allegations within memorandum

The plaintiff is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986). In the instant case, however, the plaintiff has set forth allegations of fact within his memorandum with citations to documents that are not attached thereto. Specifically, the plaintiff sets forth factual

information, which is not supported by exhibits appended to his brief such as.

1. Testimony to be offered by witnesses with no attached deposition transcripts, statements or affidavit evidencing the same;

2. All references to medical records, as none were affixed as supporting exhibits nor has any been disclosed by the plaintiff in compliance with his discovery responses;

3. All factual representations made by the plaintiff, himself, as these representations are not in the form of affidavit or deposition testimony.

As such, all purported anticipated testimony of fact witness, claimed medical reports and the substance of the same, in addition to all factual allegations from the plaintiff himself, should be stricken from the record.

**B. COMMUNICATIONS CONCERNING SETTLEMENT**

The plaintiff sets forth allegations of a settlement with the co-plaintiff and purported settlement negotiations with defendants counsel. These communications are irrelevant and immaterial to the plaintiff's opposition memorandum and should be stricken from the record. Moreover, settlement negotiations between parties are inadmissible evidence and should be stricken on this basis.

**C. THE MAJORITY OF THE PLAINTIFFS' EXHIBITS ARE INADMISSIBLE DOCUMENTS THAT SHOULD BE STRICKEN**

The defendants also move this Court to strike the majority of the plaintiff's exhibits attached to the plaintiff's opposition memorandum, on the basis that these exhibits are based upon inadmissible hearsay, immaterial documents, conclusory

statements and incomplete and/or unauthenticated documents.

**1. Purported photos of the boat launch and the plaintiff**

"The documents submitted in opposition to a summary judgment motion must be properly authenticated in order to be considered by the court at summary judgment stage." Barlow, 319 F.Supp.2d at 257, citing Dedyo v. Baker Engineering New York, Inc., 1998 WL 9376 at *4 (S.D.N.Y. 1998) and 11 James Wm. Moore et al., Moore's Federal Practice P. 56.14 [4][a] )3d ed. 1997). It is irrelevant that documents may be properly authenticated if introduced at trial through a witness if they have not been properly authenticated at the time they are submitted in support or opposition to summary judgment. Barlow, 319 F.Supp.2d at 257

The plaintiff does not authenticate the photographs attached to his opposition memorandum, nor is it possible to discern what is in the photos other than through guesswork. The plaintiff's photographs should be stricken from the record.

**2. State of Connecticut Request for Pardon and State of Connecticut Board of Pardons Affidavit (no affidavit submitted)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances. See e.g., Jenkins v. City of New York, 1992 WL 147647 (S.D.N.Y.

June 15, 1992). The movant must show that "it is clear that the [challenged matter] has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." FRA S. p.A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427 (S.D.N.Y.1976) (citations omitted); see also Burger v. Health Ins. Plan of Greater N.Y., 684 F.Supp. 46, 52-53 (S.D.N.Y.1988) (granting motion to strike where material was irrelevant to issues at hand and prejudicial).

The State of Connecticut Request for Pardon and State of Connecticut Board of Pardons Affidavit, which had no affidavit attached, is irrelevant and immaterial to any issue in this case and should be stricken from the record. Additionally, the documents appear to be incomplete and include only selected portions of the purported application. Thus, the documents should be stricken.

**3. Purported criminal history printout**

The plaintiff's criminal history printout is not authenticated, nor is there any indication of its origin. As such, the document should be stricken from the record.

**4. Unverified handwritten statement (author unknown)**

The plaintiff attaches an unsworn and unsigned handwritten statement in support of his opposition memorandum. "Unsworn statements are not sufficient to defeat a motion for summary judgment." Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, n. 17, 90 S.Ct. 1598 (1970). Accordingly, the handwritten statement should be stricken from the record.

**5. Various newspaper articles**

"[A] motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay…." Spector v. Experian Information Services Inc., 321 F.Supp.2d 348, 352 (D.Conn.2004).

The plaintiff submits numerous newspaper articles in opposition to the defendants' summary judgment motion. These articles constitute impermissible hearsay, in addition to being irrelevant and immaterial. As such, the newspaper articles should be stricken from the record.

**6. Medical authorizations and general information**

Courts can generally consider medical reports on summary judgment on the assumption that the physicians who originated the report will be available to testify at the time of trial. See Barlows, 319 F.Supp.2d at 257-258, citing Jones v. City of Hartford, 285 F.Supp.2d 174, 185 (D. Conn. 2003).

In the instant case, the plaintiff does not offer medical records, but instead, offers medical authorizations given to his prior counsel and general information concerning the drug Paxil. These exhibits are irrelevant and inadmissible hearsay. Additionally, the plaintiff failed to produce such records in his discovery compliance, or pursuant to the defendants' Motion to Compel with regard to the same. Thus, the records should be stricken from the record.

**7. Various other exhibits**

The plaintiff also seeks to offer the following exhibits in support of his opposition memorandum: (1) unverified lobster license; (2) 2001 Guidelines for Lobstering, (3) State of Connecticut Labor Division – benefits paid, (4) Phone repair bill (for home), (5) Brown's Automotive: towing invoice, (6) Map of Long Island Sound, (7) Internet research re tagging lobsters, and (8) a DEP map.

These documents are unverified hearsay, irrelevant and immaterial to oppose the defendants' summary judgment motion. As such, these documents should be stricken from the record.

**8. Plaintiff's unverified interrogatory responses**

The plaintiff attaches his unverified interrogatories to his opposition memorandum. The plaintiff can rely upon answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986). However, the statements set forth therein must be verified under oath. See Adickes, supra. The plaintiff does not affirm the information set forth within the interrogatories, thus, the responses should be stricken from the record.

## IV. CONCLUSION

Based on the foregoing, the defendants respectfully request that this Court grant their motion.

DEFENDANTS,
TOWN OF STONINGTON, DAVID ERSKINE, JERRY DESMOND, RAYMOND CURIOSO, JOHN CARR AND MICHAEL PECKHAM

By /s/ Beatrice S. Jordan

Beatrice S. Jordan
ct22001
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (Fax)
Juris No.: 28228
bjordan@hl-law.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via First Class Mail, to the following pro se plaintiff of record this 4th day of April, 2006.

Edward Brown
4 Marlene Drive
Ledyard, CT 06339

By /s/ Beatrice S. Jordan
Beatrice S. Jordan