UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BROWN, | : | |
| Plaintiff, | : | 3:01-CV-02374 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, ET AL, | : | |
| Defendants | : | July 16, 2008 |

**PLAINTIFF'S LOCAL RULE 56(a) RESPONSE**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit that the reports and affidavit so state. However, plaintiff denies that there was any "problem" at the docks for which he was the cause and for which police intervention was required. (See Plaintiff's deposition page 39)

7. Admit that the exhibits so portray. However, plaintiff denies engaging in any substantive wrongdoing. (See plaintiff's deposition, page 39)

8. Admit that the affidavit so states. However, at the time the defendant police officers arrived at the location Plaintiff was underwater and not privy to what occurred on shore. (See plaintiff's deposition, page 38-39)

9. Admit.

10. Admit that the affidavit so states. However, at the time the defendant police officers arrived at the location Plaintiff was underwater and not privy to what occurred on shore. (See plaintiff's deposition, page 38-39)

11. Deny. (See Menard deposition, Defense Exhibit F)

12. Admit.

13. Deny. (See Menard deposition, p37)

14. Admit that affidavit so states.

15. Admit.

16. Admit that the sign is so posted, deny the implication of trespassing. (See plaintiff's deposition, p 38-39)

17. Admit.

18. Admit.

19. Admit that Plaintiff was observed in the water by defendant police officers, however, there is a dispute as to exactly where in the water plaintiff was located. (See plaintiff's deposition page 36)

20. Deny, in so much as Plaintiff surfaced approximately 25-30 feet away from the wall. (See plaintiff's deposition page 36)

21. Admit that the Defendant was on the wall, deny the distance of 10 away from Plaintiff. (See plaintiff's deposition page 36)

22. Admit that Officer Carr was on the beach.

23. Admit that the officers instructed Plaintiff to get out of the water, but deny any implication that such instruction was immediately upon plaintiff surfacing from his dive. (See plaintiff's deposition, page 35-38)

24. Deny. Plaintiff admits shouting at the officers, but only to the extent that the light was shining in his eyes and he needed to have the light removed from his vision for safety purposes. (See plaintiff's deposition, pages35-36)

25. Admit.

26. Deny. During the first moments of having the light shined in his eyes, Mr. Brown was not aware that the person shining the light was a police officer, and only became aware that the light shiner was a police officer after the light was removed from Mr. Brown's eyes and he was told that he was under arrest. (See plaintiff's deposition, pages 35-37) Furthermore, Mr. Brown informed the officer that he, Mr. Brown, possessed a valid license to dive for lobsters.(See plaintiff's deposition, page 35-37)

27. Admit that plaintiff released the lobsters from his bag because otherwise they would die.

28. Deny. (See plaintiff's deposition, page39)

29. Admit that plaintiff was told he was going to be arrested, deny that he was instructed not to release the lobsters and that he did not get out of the water. (See plaintiff's deposition, page 39)

30. Admit that plaintiff emptied the bag of lobsters, deny the implication that they were released for any illegal reasons or for evading. (See plaintiff's deposition, page 39)

31. Deny. When Mr. Brown was instructed to get out of the water, he did. (See plaintiff's deposition page 40)

32. Deny. After Mr. Brown exited the water, he was grabbed by the officer, who started shaking him and then shoved him into the rocks. (See plaintiff's deposition pages 41, 43)

33. Deny.  (See plaintiff deposition pages 41, 45)

34. Admit.

35. Admit that brown presented a valid lobster license.

36. Admit that plaintiff was arrested and handcuffed much to tightly, and his wrists were injured because of the tightness of the cuffs. (See plaintiff's deposition pages 52, 56)

37. Admit.

38. Admit that plaintiff was so charged, deny the charges of wrongdoing. (See plaintiff's deposition)

39. Admit.

40. Admit.

41. Admit.

42. Admit that Captain Desmond was assigned to investigate the complaint, and that Captain Desmond came to Brown's residence regarding the complaint filed by plaintiff. (See plaintiff's deposition pages 70-71)

43. Admit that a sworn statement, apparently from Mr. Henry, was obtained. Plaintiff has no knowledge of how or when it was obtained. Deny many of the contents of the statement.

44. Admit that Henry so stated, deny the statement. (See Factual Background, Memo of Law in Opposition to Summary Judgment, footnote 2)

45. Admit that Henry so stated, deny that plaintiff was not thrown against the rocks. (See plaintiff's deposition, page 41)

46. Admit that Henry so stated, deny that plaintiff was not pushed or shoved or abused by defendants, equating to unreasonable force. (See plaintiff's deposition, pages 41-47, 49, 52-57)

47. Admit to withdrawing the complaint because of the abusive and intimidating behavior of Captain Desmond. (See plaintiff's deposition, page 70-71)

48. Admit that the affidavit so states, deny that the allegations were unfounded because of the pressure and intimidation by Captain Desmond regarding the complaint and its withdraw due to his violent intimidation and behavior. (See plaintiff's deposition, page 70-71)

**PLAINTIFF'S STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT**

A. Whether the police used excessive and unreasonable force, in violation of the Fourth Amendment, against Mr. Brown when he exited the water, and during the ensuing confrontation leading up to his arrest?

B. Whether Mr. Brown's First Amendment rights were violated when Captain Desmond went to Mr. Brown's residence and exhibited violent, threatening and intimidating behavior and broke Mr. Brown's telephone, which caused Mr. Brown to be fearful and withdraw his complaint lodged with the Stonington Police Department?

        RESPECTFULLY SUBMITTED,
        THE PLAINTIFF,

        BY:    /s/   John F. Geida   /s/
              John F. Geida, Esq.
              Fed. Bar No. ct27468
              The Law Offices of Norman A. Pattis, LLC
              649 Amity Road, PO Box 280
              Bethany, CT 06524
              Tel. 203-393-3017
              Fax. 203-393-9745

### CERTIFICATION

I hereby certify that on July 16, 2008, a copy of the foregoing **PLAINTIFF'S LOCAL RULE 56(a) RESPONSE AND PLAINTIFF'S STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ John F. Geida /s/</u>
John F. Geida
Fed. Bar No. ct27468
Law Offices of Norman A. Pattis LLC
649 Amity Road, PO Box 280
Bethany, CT 06524
Tel: (203) 393-3017
Fax: (203) 393-9745