**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EDWARD BROWN | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-01-cv-2374 (CFD) |
| TOWN OF STONINGTON, ET AL | : | |
|    Defendants | : | JULY 22, 2008 |

**TRIAL MEMORANDUM ORDER**
**(Jury Cases)**

It is hereby ORDERED that:

1. The parties shall jointly e-file with the Office of the Clerk, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court. A courtesy copy shall be submitted to the chambers of the undersigned.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Local Rules of Civil Procedure. The Trial Memorandum shall be filed no later than **OCTOBER 1, 2008**.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER. IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

Claims and Defenses: Counsel shall indicate the specific nature and authority for each affirmative claim and defense maintained (see paragraph 4 of the Standing Order).

Witnesses: For each expert witness (see paragraph 10 of the Standing Order), the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to jury selection. *This includes any objection under Rule 702 of the Federal Rules of Evidence.*

Exhibits:  With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a) The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request.  Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to the pretrial conference, and the original set of exhibits for the Deputy Clerk and two (2) complete copies of the exhibits (in binders) shall be submitted to the Deputy Clerk at least one (1) week prior to trial.

(c) All objections to designated exhibits, except as to relevance, must be filed through a motion in limine filed not later than three (3) days prior to the pretrial conference, together with a memorandum citing authorities in support of the objection.

Statement to Jury Panel:  The parties shall attach to the Trial Memorandum a written statement as an aid to the court in its introduction of the case to the jury panel.

Jury Instructions:  The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions.  The proposed instructions shall be submitted in the form of one continuous document, which shall be filed as an attachment to the Trial Memorandum.  The proposed instructions should encompass all applicable rules of law.  If the parties cannot agree as to the appropriateness of a particular instruction, the objection should be set forth next to or immediately below the proposed instruction. The parties shall support each proposed instruction, and any objection to a proposed instruction, with citations to applicable legal authority.

Verdict Form: The parties shall meet and confer for the purpose of preparing and filing a proposed jury verdict form.  The form may request that the jury return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b).  The proposed verdict form shall be filed as an attachment to the Trial Memorandum.  If the parties cannot agree on a proposed verdict form, the objecting party must cite applicable legal authority for the objection and provide an alternative proposal.

      <u>Anticipated Evidentiary Problems</u>:  The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems.  (See paragraph 14 of the Standing Order.) If motions in limine are necessitated by the exchange of exhibits in 1(b) above, such motions shall be filed no later than three (3) days prior to the pretrial conference.  If motions in limine are not filed, any objections to exhibits will be deemed waived, except as to relevancy.

2. Counsel are requested to submit the Trial Memorandum, including the proposed jury instructions, on a computer disk (small disk formatted for Word Perfect 9, 10 or 11) to facilitate the preparation of final documents by the court.

3. Counsel shall note the following:

    <u>Stipulations of Fact</u>: The stipulation of uncontroverted facts, required by paragraph 5 of the Standing Order, will be read to the jury, and no evidence shall be presented on the uncontested facts.

    <u>Availability of Witnesses</u>:  Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

4. The deadlines established herein may not be modified by agreement of counsel.  These deadlines may be modified only by an order of the court following a request for enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

**SO ORDERED.**

Dated at Hartford, Connecticut this 22nd day of July, 2008.


                                          /s/ Christopher F. Droney
                                          Christopher F. Droney
                                          United States District Judge